# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN G. SIMES,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    05 C 3816<br>) |
| JACKSON NATIONAL LIFE<br>INSURANCE COMPANY and SMALL<br>BUSINESS INSURANCE AGENCY,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

The defendants removed this insurance case from the Circuit Court for the Nineteenth Judicial Circuit in McHenry County, Illinois. Plaintiff Kevin Simes seeks to transfer this action to the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion is granted.

## Background

The following facts are drawn from the state court complaint and will be presumed true for the purposes of this motion. At the beginning of June in 2004, Kevin Simes contacted defendant Jackson National Life Insurance and indicated that he wanted to purchase a $100,000 life insurance policy for his wife, Kathryn, that named himself as the beneficiary. Jackson National gave Kevin an application, which he completed and sent back along with a premium check in the amount of $144 as requested by Jackson National.

Jackson directed Kevin to deal with defendant Small Business Insurance Agency and did not issue a policy at that time. Kevin did so, and in July of 2004, Jackson National and Small Business Insurance sent a temporary insurance agreement to Kathryn. Kathryn died on July 28, 2004, and Kevin apparently tried unsuccessfully to collect on the $100,000 policy. He subsequently filed a state court action in the Circuit Court for the Nineteenth Judicial Circuit in McHenry County. His complaint requested a judgment that coverage existed for Kathryn in the amount of $100,000 at the time of her death and that he was the beneficiary of that coverage. Alternatively, he sought a judgment that because Jackson National had cashed the $144 premium

check and issued a temporary insurance agreement, it was required to pay him the policy limits. In addition, with respect to Small Business Insurance, he contended that if Jackson National was not liable, then Small Business Insurance was, because it negligently handled Kathryn's insurance application and his claim under the purported policy.

Kevin submitted an affidavit stating that he resides in Woodstock, Illinois, and that Kathryn lived in Woodstock prior to her death. All of Kathryn's medical records are located in McHenry County, Illinois. Moreover, all of the documentation he has regarding the issuance of the insurance policy and his claim under that policy are located in his home in Woodstock.

## Standard for a Motion to Transfer

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under § 1404(a), the party seeking transfer must demonstrate that: (1) venue is proper in the transferor court; (2) venue would be proper in the transferee court; and (3) transfer will serve the convenience of the parties and witnesses and promote the interests of justice. *See, e.g., Mattson v. Gerry Wood Products Co.*, No. 95 C 2314, 1997 WL 158334 at *1 (N.D. Ill. Mar. 31, 1997). The movant must also demonstrate, "by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

The convenience of the witnesses and the parties is the most important § 1404(a) factor. *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill.1994). When evaluating this factor, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *Houck v. Trans World Airlines, Inc.*, 947 F. Supp. 373, 375 (N.D. Ill.1996). The court also considers whether the parties have met their burden of specifically identifying the witnesses they intend to call, as well as the general content of the witnesses' proposed testimony. *See Mattson v. Gerry Wood Products Co.*, 1997 WL 158334 at *1 (collecting cases); *see also*

*Midwest Precision Services, Inc. v. PTM Industries Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983) (in connection with motions to transfer, courts should only consider undisputed facts supported by affidavits, depositions, stipulations or other relevant documents).

With respect to the interests of justice prong, the inquiry generally centers on judicial economy rather than the litigants' or witnesses' private interests. *Koos, Inc. v. Performance Industries, Inc.*, 747 F. Supp. 487, 491 (N.D. Ill.1990). Relevant considerations include the forum's relationship to the cause of action, the court's familiarity with the applicable law and the court's likely access to the sources of proof and other evidence. *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 66. Because the task of weighing factors for and against transfer "necessarily involves a large degree of subtlety and latitude," the decision to transfer is committed to the sound discretion of the trial judge. *Coffey v. Van Dorn Iron Works*, 796 F.2d at 219.

## Discussion

"[T]he Northern District of Illinois has no local rule requiring divisional venue," so the defendants could have removed this case to either the Eastern or Western Division. *See German American State Bank ex rel. Estate Cowan v. U.S.*, No. 04 C 3218, 2004 WL 1535846 at *1 (N.D. Ill. Jul. 8, 2004). The parties dispute whether the Eastern or Western Division is a more appropriate venue for this action, but do not dispute that venue is proper in either division. The court thus turns to whether transfer to the Western Division would serve the convenience of the parties and witnesses and promote the interests of justice.

Generally, the plaintiff's choice of forum is given deference, particularly when the plaintiff selects his home forum. *See, e.g., Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 65. A plaintiff's choice of forum, however, is entitled to less weight when "the chosen forum lacks any significant connection to the cause of action." *Sanders v. Franklin*, 25 F. Supp. 2d 855, 858 (N.D. Ill. 1998). Moreover, while a plaintiff's choice of forum plays an important role in determining whether to transfer venue, it is not absolute. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 833 (N.D. Ill.1999).

Here, Kevin felt his alleged injury in the Western Division, where he lived during the insurance application process and the handling of his claim after his wife's death. Therefore, the Western Division is the key location for purposes of Kevin's claims. This fact strongly militates in favor of transfer.

With respect to the site of material events, the defendants contend that all of the relevant events occurred in Michigan or Massachusetts (the states where Jackson Life and Small Business Insurance's headquarters are located, respectively). In response, Kevin correctly points out the obvious: neither of these states is located in the Eastern Division. He thus notes that no pertinent events happened in the Eastern Division, while at least some occurred in the Western Division. The events transpiring in the Western Division may or may not be substantial (the court cannot tell based on the limited record before it), but the court agrees with Kevin that the Eastern Division has absolutely no connection to the facts forming the basis of Kevin's complaint while the Western Division has some sort of connection. Hence, this factor slightly favors Kevin.

In evaluating the availability of evidence in each forum, the court must consider whether the parties have specifically identified the witnesses they intend to call and the general content of those witnesses' testimony. *See Mattson v. Gerry Wood Products Co.*, 1997 WL 158334 at *1 (collecting cases). Kevin resides in the Western Division, is a key witness, and has what the court assumes is a manageable amount of documents at his home. The defendants' witnesses all reside in Massachusetts or Michigan, and hence would have to travel to Illinois or ship records to Illinois regardless of whether the case progresses in Rockford or Chicago. Because evidence is equally available in Rockford and Chicago but Kevin lives close to Rockford, this factor also slightly favors Kevin.

This brings the court to the convenience of the parties. It would be decidedly inconvenient for Kevin to litigate in Chicago given that it is harder for him to drive from Woodstock to Chicago than to drive from Woodstock to Rockford. On the other hand, the court

does not see an appreciable difference in the defendants' commute if this case is transferred to Rockford. To read the defendants' memorandum, it would appear that it is but a matter of minutes to travel from O'Hare or Midway to the Dirksen Federal Building, while traveling from those airports to Rockford is like trekking to the Antipodes.

The court disagrees. In fact, Chicago is more convenient for defendants' lawyers, not the defendants themselves. "The convenience and location of counsel have never been accorded weight in a transfer analysis," *Hemstreet v. Scan-Optics, Inc.*, No. 89 C 5937, 1990 WL 36703 at *4 (N.D. Ill. Mar. 9, 1990), but "if the convenience of counsel bears directly on the cost of litigation, it becomes a factor to consider." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D. Ill. 1979). The defendants do not suggest that litigating this action in Rockford would significantly affect the cost of litigation. Thus, the convenience of the parties factor once again favors Kevin.

As noted above, when considering the interests of justice prong, the court must focus on the forum's relationship to the cause of action, the court's familiarity with the applicable law, and the court's likely access to the sources of proof and other evidence. *Koos, Inc. v. Performance Industries, Inc.*, 747 F. Supp. at 491; *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. at 66. In this case, only the Western Division has a relationship to Kevin's cause of action. Moreover, both districts are located in Illinois and are thus equally familiar with the governing law, whatever that may be (the court cannot read the small print of the policies which are attached to the complaint, but Illinois federal courts are equally familiar with Illinois law, should that be the governing law, and are equally unfamiliar with Massachusetts or Michigan law, should that law govern). Finally, both divisions have equal access to the sources of proof and other evidence as neither party suggests that any of their witnesses are not subject to subpoena for live trial testimony in both divisions. *See* Fed. R. Civ. Pro. 45(b)(2) and 45(c)(3)(A)(ii) (the ability to subpoena witnesses for live testimony extends to a one hundred mile radius of the federal courthouse where the witnesses will be asked to testify and to all points within the state in which the trial is held).

To sum up, Kevin chose to file suit in McHenry County and to the extent that any of the transfer factors favor either party, they favor Kevin. Moreover, the Eastern Division simply does not have a material connection to this case and no key witnesses or evidence are located in this division. Accordingly, after careful consideration of the parties' filings, the court finds, in its discretion, that when all of the factors are balanced, the convenience of the witnesses and the interests of justice are served by transfer. This case is, therefore, transferred to the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1404(a).

## Conclusion

Plaintiff Kevin Simes' motion to transfer venue [5-1] is granted. This action is hereby transferred to the United States District Court for the Northern District of Illinois, Western Division.

DATE: September 22, 2005

_____
Blanche M. Manning
United States District Court Judge